# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GLENN SHERMAN SEALS, JR., )
)
        Petitioner, )
)
vs. ) Case No. 13-3164-CV-S-RED-NKL-P
)
JAMES HURLEY, )
)
        Respondent.

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**ORDER DISMISSING CASE WITH PREJUDICE**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 4, 2013, in the United States District Court for the Eastern District of Missouri to challenge his 2010 convictions and sentences for first degree child molestation and two counts of harassment, which were entered in the Circuit Court of Greene County, Missouri. The petition was transferred to this Court for handling and review. Petitioner raises five (5) grounds for relief, which respondent contends should either be dismissed as untimely filed or as procedurally barred. Petitioner has not filed a timely reply to respondent's response as ordered in Doc. No. 17.

## Statute of Limitations

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

Petitioner was sentenced on May 13, 2010, and did not file an appeal, making his judgment final 10 days later on May 24, 2010. See Mo. Sup. Ct. R. 30.01(d). Petitioner also failed to file a motion for state post-conviction pursuant to Mo. Sup. Ct. R. 24.035 or other state collateral review. The one-year statute of limitations in Section 2244(d) expired on May 24, 2011, one year later, making this federal petition filed on March 4, 2013, well beyond the one-year deadline**.**

Although petitioner claims that he did not file a timely petition because he has mental problems[1], the state court which took his guilty plea found petitioner to be competent, and petitioner himself represented that he was competent when he pled guilty. Respondent's Exhibit F; Respondent's Exhibit J, pp. 7-9. Petitioner's second reason for not filing a timely federal petition is that the Missouri Board of Probation and Parole has not granted him parole. Release on parole in Missouri, however, is discretionary, and guilty plea counsel stated at the state court guilty plea hearing and sentencing that he had made no promises to petitioner about parole eligibility. Respondent's Exhibit J, pp. 4-5.

## **Procedural Default**

Respondent also argues that petitioner's claims are procedurally barred from federal habeas corpus review. "A habeas petitioner is required to pursue all available avenues of relief in the state

---

[1] Petitioner has not met the threshold requirement necessary to show that he actually was prevented from pursuing a federal petition from May 24, 2010, through May 24, 2011, because petitioner has not submitted any evidence to show that he was adjudicated incompetent, was institutionalized, or was incapacitated to the degree that he was unable to file a petition during the time in question. See, e.g., Nichols v. Dormire, 11 Fed. Appx. 633, 2001 WL 311006 (8th Cir. Apr. 2, 2001) (insufficient degree and duration of mental impairment to justify equitable tolling); Worley v. Lytle, 221 F.3d 1354, 2000 WL 963169, **2 (10th Cir. 2000) (alleged mental incompetence did not establish an inability to meet the time deadline); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (mentally ill inmate confined in psychiatric ward under medication for seventeen days did not warrant equitable tolling), cert. denied, 531 U.S. 1164 (2001).

courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although petitioner apparently contends that he did not decide to pursue his claims until he learned that he was not receiving parole, that explanation does not demonstrate legally sufficient cause to excuse petitioner's default. Petitioner also has failed to show that he is "probably actually innocent" of the crime for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). Therefore, further review of petitioner's claims is not required to prevent a fundamental miscarriage of justice.

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

    /s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri

Dated: September 26, 2013.

3